UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CINTHIA PETRICORENA,<br><br>  Plaintiff,<br><br>v.<br><br>WALMART INC., JOHN AND JANE DOE(S) 1-5, ABC CORPS 1-5, Jointly and Severally, Official and Individual Capacities,<br><br>  Defendants. | Civ. No. 24-10965 (JXN) (LDW)<br><br>**OPINION AND ORDER DENYING MOTION TO AMEND** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is plaintiff Cinthia Petricorena's motion to amend her Complaint pursuant to Federal Rule of Civil Procedure 15(a). (ECF 15, 25). Defendant Walmart Inc. ("Walmart") opposes the motion. (ECF 16). The Court held oral argument on July 24, 2025 and reserved decision. (*See* ECF 30).

Plaintiff's motion presents the issue of whether impleading a non-diverse defendant, whose joinder would destroy diversity jurisdiction and require remand of this action to the Superior Court of New Jersey, should be barred by the anti-forum-shopping principles set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). Because plaintiff fails to present any reason other than forum manipulation for seeking the proposed amendment, the motion is **DENIED**.

## I.   BACKGROUND

This is an employment discrimination action in which plaintiff asserts claims against her former employer, Walmart, under New Jersey's Conscientious Employee Protection Act, N.J.S.A. § 34:19-3 and Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-12(a), and for common

law breach of contract and breach of the implied covenant of good faith and fair dealing. (*See* Complaint, ECF 1-1). Plaintiff alleges that while employed in an asset-protection role at a Walmart store in Piscataway, New Jersey, she discovered that the store manager was involved in a "price fixing scheme," which she reported to Walmart's regional manager. (*Id.* ¶¶ 7-12). She contends that because she reported the store manager's conduct, and because of her gender, the store manager began to retaliate against her, causing plaintiff to take a leave of absence for her mental and physical health. (*Id.* ¶¶ 13-21). She further alleges she was "ultimately transferred to another store in retaliation for her investigation into the price fixing scheme conducted by the store manager in Piscataway." (*Id.* ¶ 21).

Plaintiff filed suit in November 2024 in the Superior Court of New Jersey, Middlesex County. (*See* Notice of Removal, ECF 1 ¶ 1). Defendant timely removed the case to this Court in December 2024, pursuant to 28 U.S.C. § 1441, asserting subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. (*Id.* ¶¶ 6-9). As plaintiff is a citizen of New Jersey, and defendant Walmart is a citizen of both Arkansas and Delaware, diversity jurisdiction was properly invoked. (*Id.* ¶¶ 7-8).

Plaintiff's proposed Amended Complaint seeks to implead individual defendant Kanova Tanksley, the Walmart store manager who allegedly retaliated against plaintiff after she reported Tanksley for alleged misconduct. (*See* Proposed Amended Complaint, ECF 15-2, at 1). Plaintiff proposes to assert a claim against Tanksley under the NJLAD for aiding and abetting discrimination, N.J.S.A. § 10:5-12(e). (*Id.* at 11-12). Plaintiff avers no new facts in support of the proposed amendment; she simply substitutes Tanksley's name for the generic description of the "store manager" in the initial Complaint. (*See id.* at 1 and ¶¶ 3, 11, 12, 14, 15, 17, 19). Because Tanksley, like plaintiff, is alleged to be a citizen of New Jersey (*id.* ¶ 3), granting the motion to

2

amend to join her as an additional defendant would destroy diversity jurisdiction and require remand to the Superior Court.

## II.   DISCUSSION

Plaintiff argues in support of the motion that leave to amend is warranted under the liberal standard for amending pleadings in Federal Rule of Civil Procedure 15.  She contends that the criteria for amendment set forth in the seminal decision of *Foman v. Davis*, 371 U.S. 178, 182 (1962) are met, because the joinder of Tanksley is not the product of undue delay or bad faith, will not cause undue prejudice, and the proposed claim against her is not futile.  (ECF 15-1 at 9-15).

Although defendant Walmart contends that the proposed claim against Tanksley does not satisfy Rule 15 because it would be futile,[1] its primary opposition to the motion is based on the separate standard under which the Court must scrutinize amendments that would divest it of subject matter jurisdiction. (ECF 16 at 10-24).  As Walmart correctly argues, plaintiff must clear an additional hurdle to the Rule 15 amendment criteria where, as here, she seeks after removal to amend her pleading in a manner that would deprive this Court of subject matter jurisdiction.  For the reasons set forth below, plaintiff fails to satisfy the requisite standards to amend in this context.

### A.  Legal Standard

Although the standard for amending pleadings under Federal Rule of Civil Procedure 15 is liberal, there are limits designed to avoid forum manipulation.  The Third Circuit succinctly summarized the rationale for such limits in *Avenatti v. Fox News Network LLC*:

> The plaintiff is master of his complaint, but his power is not absolute.  District courts have authority of their own to structure the litigation before them and, in doing so, prevent manipulation by the parties.  This includes policing the addition of new parties whose presence would unravel vested jurisdiction.

---

[1] The Court does not address whether Walmart would have standing to challenge the futility of the proposed claim against a different defendant, Tanksley, as the motion is not decided on Federal Rule Civil Procedure 15 grounds.

3

41 F.4th 125, 127-28 (3d Cir. 2022).

Before reaching the Rule 15 criteria for amendment, then, the Court considers the effects of allowing plaintiff to implead a proposed defendant whose joinder would destroy subject matter jurisdiction. *See DeVito v. Panevino Ristorante*, 23-CV-743 (KSH), 2023 WL 7895958, at *6 (D.N.J. Nov. 16, 2023) (noting that considerations of subject matter jurisdiction should precede merits considerations).

Joinder of defendants is generally permitted under Federal Rule of Civil Procedure 20(a) where, as here, "any right to relief is asserted against [the defendants] jointly, severally, or . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). But courts "must scrutinize motions to amend more carefully where a plaintiff seeks to join a non-diverse party, and as a result, deprive a federal court of subject matter jurisdiction." *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F.Supp.2d 742, 746 (D.N.J. 2008). Thus, post-removal attempts to amend pleadings to join defendants whose presence would destroy subject matter jurisdiction are governed in the first instance not by Rule 20, but rather, by 28 U.S.C. § 1447(e). Under that statutory provision, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also Stavitski v. Safeguard Props. Mgmt., LLC*, 17-CV-2033 (AET), 2018 WL 501646, at *2 (D.N.J. Jan. 22, 2018) ("Courts in the Third Circuit apply 28 U.S.C. § 1447(e) to post-removal motions to join non-diverse defendants."); *Rodriguez v. Walmart*, 16-CV-9338 (SCM), 2017 WL 6508357, at *2 (D.N.J. Dec. 20, 2017) (same).

In applying § 1447(e), courts employ the four-factor test set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). *See Avenatti*, 41 F.4th at 129, 131, 136 (affirming denial

of joinder of non-diverse defendant under *Hensgens* factors and endorsing their application); *accord Maier Solar Eng'g, LLC v. Wells Fargo, NA*, 21-CV-13292 (FLW), 2022 WL 884367, at *3-*4 (D.N.J. Mar. 25, 2022); *Midthassel v. Aramark Corp.*, 09-CV-5515 (FLW), 2010 WL 2521977, at *4 (D.N.J. June 15, 2010); *C.I.N. Constr., LLC v. Hunt Constr. Grp., Inc.*, 08-CV-5810 (SDW), 2009 WL 2998965, at *12 (D.N.J. Sept. 18, 2009). The *Hensgens* factors require examination of: (1) whether the purpose of the plaintiff's motion is to defeat diversity jurisdiction; (2) whether the plaintiff was dilatory in seeking to amend the complaint; (3) whether the plaintiff will be "significantly injured" if the motion is not granted; and (4) any other equitable factors. *Hensgens*, 833 F.2d at 1182. "The Court has substantial discretion to decide whether to allow joinder of a diversity-destroying defendant." *Acerra v. Whirlpool Corp.*, 09-CV-5402 (MLC), 2010 WL 1265198, at *1 (D.N.J. Mar. 26, 2010) (internal citations omitted).

### B. Application

Because plaintiff's joinder of proposed defendant Tanksley would destroy diversity jurisdiction given that both plaintiff and Tanksley are New Jersey citizens, the Court addresses the *Hensgens* factors as they apply to the instant motion. It does so with little input from plaintiff, who largely ignored the Court's instruction to address these factors on the grounds that *Hensgens* is purportedly an "obscure" and "non-controlling case from the Fifth Circuit" that does not bind this Court. (ECF 25 at 3-4; *see also* ECF 17, 20, 23 (Court's directive to plaintiff to address *Hensgens* factors)). Contrary to plaintiff's assertions, the Third Circuit has embraced application of the *Hensgens* factors in analogous circumstances, and this Court has long applied them in precisely the situation at bar. *See Avenatti*, 41 F.4th at 129, 131, 136; *Maier Solar Eng'g, LLC*, 2022 WL 884367, at *3-*4; *Milko v. Int'l Flavors & Fragrances, Inc.*, 15-CV-8291 (MAS), 2016 WL 8709998 at *6-*7 (D.N.J. July 29, 2016); *Sussman v. Capital One, N.A.*, 14-CV-01945 (FLW),

2014 WL 5437079, at *4-*5 (D.N.J. Oct. 24, 2014); *Jordan v. Alliedbarton Sec. Servs.*, 10-CV-3011 (GEB), 2010 WL 4687934, at *3 (D.N.J. Nov. 10, 2010); *Midthassel*, 2010 WL 2521977, at *5-*8; *Salamone v. Carter's Retail, Inc.*, 09-CV-5856 (GEB), 2010 WL 762192, at *2 (D.N.J. Mar. 5, 2010). The Court will therefore consider plaintiff's motion to join the non-diverse party under this standard.

### 1. First *Hensgens* Factor: Whether the Purpose of Amendment Is to Destroy Subject Matter Jurisdiction

Turning to the first factor, "whether the purpose of the plaintiff's motion is to defeat diversity jurisdiction," *Hensgen*s, 833 F.2d at 1182, the Court finds that there is ample reason to conclude that plaintiff's purpose in seeking to join Tanksley is solely to effect a remand of this action to State court. The Complaint demonstrates that plaintiff knew Tanksley's identity before she filed suit. It is replete with references to plaintiff's employment dealings with the "store manager" (Tanksley), a person whose alleged misconduct she reported to upper management. (ECF 1-1 ¶¶ 10-13, 16-17, 19-21, 27, 33, 45). *Cf. Maier Solar Eng'g, LLC*, 2022 WL 884367, at *3 ("Plaintiff was well aware of [the proposed defendant's] role . . . when it filed the original Complaint, as evidenced by the detailed allegations against [the proposed defendant] therein, which weighs heavily against remand.") (internal citations omitted). Indeed, at oral argument, plaintiff's counsel acknowledged his awareness of Tanksley's identity before he filed suit in Superior Court. (ECF 30 at 5-6). Yet, despite this, plaintiff chose not to name Tanksley as a defendant in the initial Complaint. And that omission appears to have been intentional, as the Civil Case Information Statement filed with the Complaint stated that plaintiff did not plan to name any additional parties. (*See* ECF 1-1 at 21). *Cf. Maier Solar Eng'g, LLC*, 2022 WL 884367, at *3 ("Notwithstanding its awareness of [the proposed defendant's] conduct, Plaintiff nevertheless stated in a Civil Case Information Statement filed with the Complaint that it did not anticipate

6

adding other defendants. . . . further support[ing] the inference that Plaintiff's purpose in adding [the proposed defendant] was primarily to destroy diversity jurisdiction."); *Sussman*, 2014 WL 5437079, at *4 (same).

Plaintiff expressed interest in asserting a claim against Tanksley only after Walmart removed the case to this Court on diversity jurisdiction grounds. Within a month after the removal, plaintiff filed a motion to remand the action to Superior Court. (ECF 7). After that motion was administratively terminated for being filed without leave, plaintiff filed the instant motion to amend. (ECF 8, 12, 15). Seeking to amend to name a non-diverse defendant shortly after removal, as here, is regarded by the Court as a sign of diversity-destroying intent under the first *Hensgens* factor. *See Sussman*, 2014 WL 5437079, at * 4.

Plaintiff's awareness of Tanksley's identity pre-removal—indeed, *pre-suit*—without seeking to name her as a defendant until immediately after removal strongly indicates that the amendment is designed to induce remand. In analogous circumstances, this Court repeatedly has found that the plaintiff's intent in seeking amendment has been to destroy diversity jurisdiction. *See Salamone*, 2010 WL 762192, at *2 ("[I]n cases in which it was apparent that the plaintiff knew about the non-diverse defendant's activities at the time the suit was originally brought in state court, but still chose not to include that party as a defendant, the courts have viewed any later attempt to add the non-diverse defendant as nothing more than an attempt to destroy diversity."); *Maier Solar Eng'g, LLC*, 2022 WL 884367, at *3-*4; *Milko*, 2016 WL 8709998, at *6-*7; *Sussman*, 2014 WL 5437079, at *4-*5; *Jordan*, 2010 WL 4687934, at *4; *Midthassel*, 2010 WL 2521977, at *5-*8.

Despite multiple prompts by the Court for plaintiff to set forth a non-jurisdictional reason for the amendment, plaintiff has failed to provide any credible explanation. She has not claimed,

for instance, to have discovered any new facts relating to Tanksley's potential liability since removal. *Cf. Pepitone v. Target Corp.*, 24-CV-236 (RLS), 2024 WL 3823002, at *1, *4 (D.N.J. Aug. 14, 2024) (allowing amendment to name individual, diversity-destroying defendant where plaintiff only learned defendant's identity post-removal); *Stavitski*, 2018 WL 501646, at *3 (same). Nor can plaintiff credibly claim that her naming of John Doe defendants in the original Complaint allows her to substitute a potential party of whom she had full knowledge at the time she filed suit. *See Milko*, 2016 WL 8709998, at *7; *Midthassel*, 2010 WL 2521977, at *5.

At oral argument, the only reason plaintiff's counsel articulated for the belated interest in impleading Tanksley was his supposedly new discovery of the legal existence of an aiding and abetting claim under the NJLAD. (*See* ECF 30 at 6). Were this actually the case, it would demonstrate a dismaying lack of legal knowledge and research on counsel's part before he filed this employment case. But more disturbingly, the Court's own docket demonstrates that plaintiff's counsel was well aware of the existence of an aiding and abetting claim under the NJLAD at the time he filed the original Complaint in this matter.[2] In her February 1, 2024 Opinion in *Barker v. United Airlines, Inc.*, 23-CV-3065 (SDW), the Honorable Susan D. Wigenton, U.S.D.J., dismissed an NJLAD aiding and abetting claim filed by the very same counsel, explaining fully the required elements of such a claim. 2024 WL 378633, at *3-*4 (D.N.J. Feb. 1, 2024). That Opinion was issued months before plaintiff filed the instant lawsuit in Superior Court in November 2024. The Court therefore finds plaintiff's excuse that he was unaware of an NJLAD aiding and abetting claim at the time he filed the original Complaint to lack credibility.

---

[2] As discussed above, plaintiff already had alleged all facts on which the proposed claim is based, so the only revelation could have been that these facts could support an NJLAD aiding and abetting claim.

8

The foregoing leads the Court to the inescapable conclusion that the motion to amend is purely for the purpose of forum manipulation. *See City of Perth Amboy*, 539 F.Supp.2d at 746-47 ("The parties' actions during the period between the filing of the complaint and the motion to amend is an appropriate matter for consideration by the Court."). The Court therefore determines that this first factor weighs heavily against permitting plaintiff's proposed amendment.

### 2. Second *Hensgens* Factor: Whether Plaintiff Was Dilatory in Seeking Amendment

Considering the second factor under *Hensgens*—whether plaintiff was dilatory in seeking amendment—the Court finds that plaintiff was not. "Whether a plaintiff was dilatory in adding a defendant turns on the length of time between the initial complaint, removal, and when the plaintiff seeks to add the defendant, as well as the nature of the delay." *Maier Solar Eng'g, LLC*, 2022 WL 884367, at *4 (internal citations omitted). Plaintiff filed the action in Superior Court in November 2024. (ECF 1-1). Defendant removed the case to this Court on December 6, 2024. (ECF 1). And plaintiff first sought leave to amend and remand on January 5, 2025, just a month after removal. (ECF 7). While this timeline "may indeed demonstrate Plaintiff's motives for attempting to include the non-diverse defendants, which goes to the first *Hensgens* factor, Plaintiff's conduct cannot be characterized as dilatory for the purposes of the second *Hensgens* factor." *Midthassel*, 2010 WL 2521977, at *7. This factor thus weighs in favor of permitting amendment.

### 3. Third *Hensgens* Factor: Whether Plaintiff Will Be Prejudiced by Denial of the Amendment

As to the third *Hensgens* factor, the Court finds that denial of the amendment will cause little prejudice to plaintiff. This factor requires "significant injury" to the plaintiff. *See Salamone*, 2010 WL 762192, at *2. Plaintiff claims no prospective injury whatsoever if she is denied leave to amend. (*See* ECF 15-1; ECF 25). Nor can the Court discern any significant prejudice to plaintiff from denial of the amendment. Her existing NJLAD claims allow her to obtain full relief for any

9

lost pay or emotional distress damages from defendant Walmart, regardless of whether she also asserts an NJLAD aiding and abetting claim against Tanksley. *See Richter v. Oakland Bd. Of Ed.*, 246 N.J. 507, 537-38 (2021) (damages available under NJLAD against employer include those stemming from economic harm and emotional distress); *see also Milko*, 2016 WL 8709998, at *7 ("In determining prejudice to a plaintiff under the third *Hensgens* factor, courts consider whether a plaintiff can be afforded complete relief in the absence of the amendment.") (internal citations omitted). She may also take discovery from Tanksley in this action, either through Walmart or by subpoena, whether or not Tanksley is a party.

Further, if plaintiff wishes to pursue her NJLAD claim against Tanksley individually, she may still do so in Superior Court.[3] Of course, it is not ideal from a party and judicial economy perspective to maintain separate actions against Walmart and Tanksley based on the same set of facts. Nevertheless, the prosecution of dual actions is not, *per se*, considered "significant injury" under this Court's application of the *Hensgens* factors. *See Salamone*, 2010 WL 762192, at *3 ("[M]aintaining concurrent federal and state actions arising out of the same series of transactions would not be a significant injury"); *Maier Solar Eng'g, LLC*, 2022 WL 884367, at *4 (same); *Jordan*, 2010 WL 4687934, at *5 (same). The third *Hensgens* factor accordingly weighs against permitting amendment.

### 4. Fourth *Hensgens* Factor: Whether Any Other Equitable Factor Bears on the Court's Decision

Finally, the Court considers the equities of plaintiff's attempt to amend. Again, plaintiff presents no argument as to how other equitable factors might support permitting amendment. The Court detects none. Indeed, plaintiff elected not to name Tanksley in her initial Complaint by

---

[3] This assumes such a claim would not be time-barred, which is not possible to discern from the Complaint.

choice, and the Court "does not see any injustice in following the *Hensgens* framework and determining whether additional parties should or should not be added." *Jordan*, 2010 WL 4687934, at *5. If anything, equity demands that plaintiff's motion be denied, as the Court considers it a transparent attempt to destroy federal jurisdiction after defendant's proper removal of this action. In this regard, the Court once again notes that plaintiff's counsel refused to address the *Hensgens* factors despite the Court's multiple instructions to do so (*Compare* ECF 17, 20, 23, *with* ECF 25 at 3-4), and that he did not seem candid with the Court at oral argument. *See supra* Section II.A.1. Accordingly, the fourth *Hensgens* factor weighs against amendment.

### III. CONCLUSION

In sum, three of the four *Hensgens* factors weigh against amendment, and only one—whether plaintiff was dilatory in seeking to amend—is mildly supportive. Thus, because plaintiff's motion to amend does not pass muster under *Hensgens*, the Court does not proceed to consider plaintiff's motion under the factors set forth in Federal Rule of Civil Procedure 15.

For the foregoing reasons, plaintiff's motion to amend is hereby **DENIED**, and the Court will maintain jurisdiction over this action. The Clerk of Court is directed to terminate the motion at ECF 15.

**It is SO ORDERED**.

Dated: September 16, 2025

                                             *s/ Leda Dunn Wettre*
                                             Hon. Leda Dunn Wettre
                                             United States Magistrate Judge